UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION

LORI MOLINARI,

    Plaintiff,

v.                                                                                          Case No.:

CARNIVAL CORPORATION,
A Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lori Molinari, sues Defendant, Carnival Corporation, for damages and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a citizen of Florida and was a wedding guest aboard the CARNIVAL PARADISE on May 4, 2017.

2. Defendant, Carnival Corporation, a Foreign Profit Corporation, is doing continuous and systematic business in the Middle District of Florida by operating seagoing vessels in the Port of Tampa, Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation, owned and operated the vessel CARNIVAL PARADISE. Defendant docked the vessel in the Port of Tampa on May 4, 2017, prior to operating the vessel for a cruise for its passengers.

4. Jurisdiction of this claim is founded upon 28 U.S.C. § 1333 (admiralty and maritime jurisdiction) as the causes of action asserted are maritime torts.

5. Venue is proper under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff, Lori Molinari, was a guest of a wedding that was held aboard the CARNIVAL PARADISE ("the vessel") on May 4, 2017 while the vessel was docked in the Port of Tampa. Plaintiff was not a fare-paying passenger and was never issued a "cruise ticket." Plaintiff was given a "guest pass" to be aboard the ship for the wedding.

7. On May 4, 2017, the wedding was held on the 9th deck. After the reception at approximately 2:00 p.m., Plaintiff was walking with her husband, son in law, and daughter to deck 7 to get off the ship. After Plaintiff had cleared the stairs, she walked a couple steps and then suddenly and unexpectedly tripped and fell over a piece of luggage that was laying on the floor. As Plaintiff fell, she struck her head and landed on her knee, becoming injured.

8. There were no warning cones, signs or other warnings to alert Plaintiff that there was a piece of luggage in the walkway on the floor.

9. Plaintiff did not see the piece of luggage before she fell.

10. The lighting was dim in the area that Plaintiff fell. Additionally, the carpet was bright and colorful and the piece of luggage that was left out in the walkway blended with the colorful carpet.

11. As a result of tripping and falling on the piece of luggage, Plaintiff sustained injury to her left foot, ankle, leg, hip, back and other parts of her body, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff incorporates paragraphs 6 – 11 and further alleges:

12. Defendant Carnival Corporation owed Plaintiff, as its guest, the duty to act with reasonable care under the circumstances with regard to her safety. This duty includes the duty to warn of dangerous conditions for which it either knew of or should have known.

13. Defendant had actual knowledge that the piece of luggage was a tripping hazard for passengers because a member of its crew left the luggage on the floor in an area where it knew passengers and guests would be walking. After Plaintiff fell she noticed that there were luggage carts in the area and that the Carnival crew members were attending to them.

14. The piece of luggage was not open and obvious to the Plaintiff because it was located unexpectedly on the floor, the lighting was poor, and also the bright coloring of the carpet caused the suitcase to blend with the color of the floor.

15. The injuries sustained by the Plaintiff were directly caused by the negligence of Defendant, CARNIVAL CORPORATION, its employees, staff, crewmembers, owners, agents, and operators by the following acts of omission and commission:

    a. failing to have any warning for its passengers and guests that there was an, unexpected piece of luggage laying on the floor in an area where passengers and guests would be walking,

    b. negligently creating the dangerous conditions on its vessel,

    c. negligently failing to have sufficient lighting in the area where Plaintiff fell,

    d. negligently failing to take reasonable steps to keep the area of the ship clear of unexpected objects with the knowledge that it is an area where passengers and guests would be walking,

      e.    negligently placing the luggage on the floor in an area where passengers and guests would be walking,

      f.    negligently leaving the luggage unattended by a crewmember in an area where passengers and guests would be walking

      g.    negligently failing to act with reasonable care under the circumstances.

16. As a direct and proximate result of the Defendant's negligent failure to warn of the dangerous condition, Plaintiff Lori Molinari suffered injuries to her neck, back, left knee, right knee, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff Lori Molinari prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

### COUNT II – NEGLIGENT CREATION OF A DANGEROUS CONDITION

Plaintiff incorporates paragraphs 6 – 11 and further alleges:

17. Defendant Carnival owed Plaintiff, as its guest, the duty to act with reasonable care under the circumstances with regard to her safety. This duty includes the duty to avoid negligent creation of a dangerous condition.

18. Prior to Plaintiff's injury, Defendant Carnival knew of the tripping danger posed by leaving unexpected objects in areas where passengers and guests would be walking.

19. Prior to Plaintiff's fall, Defendant's crew was transporting passenger luggage about the ship.

20. Defendant had actual knowledge that the luggage was a tripping hazard for passengers because a member of its crew placed or left the luggage on the floor in an area where it knew passengers and guests would be walking.

21. The injuries sustained by the Plaintiff were directly caused by the negligence of Defendant, Carnival, its employees, staff, crewmembers, owners, agents, and operators based on the following acts of omission and commission:

    a. negligently placing the luggage on the floor in an area where passengers and guests would be walking,

    b. negligently leaving the luggage unattended by a crewmember in an area where passengers and guests would be walking

    c. failing to have any warning for its passengers and guests that there was a, unexpected piece of luggage laying on the floor in an area where passengers and guests would be walking,

    d. failing to have signs or a crewmember near the luggage to alert passengers and guests that there was an unexpected piece of luggage on the floor,

    e. negligently creating the dangerous conditions on its vessel,

    f. negligently failing to have sufficient lighting in the area where Plaintiff fell,

    g. negligently failing to take reasonable steps to keep the area of the ship clear of unexpected objects with the knowledge that it is an area where passengers and guests would be walking,

      h.    negligently failing to train its crew to avoid creating tripping hazards while performing tasks in areas where passengers and guests are present and walking;

      i.    negligently failing to act with reasonable care under the circumstances.

22.    As a direct and proximate result of the Defendant's negligent creation of a dangerous condition, Plaintiff Lori Molinari suffered injuries to her neck, back, left knee, right knee, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff Lori Molinari prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated April 25, 2018.

JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172

And Co-counsel:

TIMOTHY PRUGH
PRUGH & ASSOCIATES, P.A.
1009 W. Platt Street
Tampa, FL 33606
Phone: (813) 251-3548 / Fax: (813) 251-5809
Florida Bar Number: 138714
Email: prugh.efile@prughlaw.com

*Attorneys for Plaintiff, Molinari*